IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE WHITING, ) | |
| ) | Civil Action No. 06 - 1487 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Judge Thomas M. Hardiman / |
| ) | Magistrate Judge Lisa Pupo |
| PAUL J. STOWITZKY; DISTRICT ) | Lenihan |
| ATTORNEY FOR THE COUNTY OF ) | |
| ARMSTRONG; and the ATTORNEY ) | |
| GENERAL FOR THE STATE OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

**II.   REPORT**

Petitioner, Eugene Whiting, is a State prisoner currently confined at the State Correctional Institution at Mercer, Pennsylvania. Petitioner brings this federal habeas corpus petition attacking a detainer lodged against him with respect to non-incarceration offenses, which were ordered *nolle prosequi* on June 7, 2006. For the reasons that follow, the Petition should be

dismissed as it does not provide any basis for granting federal habeas corpus relief.

### A. Relevant Facts and Petitioner's Claim

In his Petition, Petitioner identifies criminal docket no. CR-2000-0647 in Armstrong County, Pennsylvania as the basis for his Petition. Public docket sheets show that Petitioner was charged with Rape and related charges with respect to a person under 13 years of age on June 27, 2000. On September 13, 2001, a jury found Petitioner guilty of the charges of Aggravated Indecent Assault, Indecent Assault and Corruption of Minors. On April 23, 2002, petitioner was sentenced to a term of from thirty-six (36) to one-hundred and twenty (120) months. The Superior Court affirmed his judgment of sentence on June 25, 2003. Petitioner began serving his sentence on September 13, 2003.

On June 1, 2006, a Case Manager from SCI-Mercer filed a letter with the Court of Common Pleas requesting disposition of the non-incarceration offenses. On June 7, 2006, a *nolle prosequi* Order was entered as to the remaining charges filed against Petitioner.

### B. Claims Cognizable in Federal Habeas Corpus Proceedings

Pursuant to the federal habeas corpus statute, a federal court may consider a habeas corpus petition filed by a state prisoner only on the ground that he is in custody in violation of

the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Claims based on errors of state law or challenging a state court's interpretation of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Moreover, it long has been established that habeas corpus relief is intended only to address claims attacking underlying state convictions, not matters collateral to those convictions. *See* Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("[t]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation."), *cert. denied*, 526 U.S. 1056 (1999). *See also* Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) (noting that the federal courts are authorized to provide collateral relief only where a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the United States); Santana v. United

States, 98 F.3d 752, 754 (3d Cir. 1996) (holding that federal habeas power is limited to a determination of whether there has been an improper detention by virtue of the state court judgment).

In the case at bar, Petitioner is not attacking the validity of his underlying conviction and sentence.  Rather, he is attacking an alleged detainer that was lodged against him. Federal habeas corpus cannot provide a remedy for this claim because such detainer has absolutely nothing to do with the reason for his confinement in state custody, *i.e.*, his 36 to 120 month sentence for his conviction on September 13, 2001.  Consequently, he is not entitled to habeas corpus relief with respect to this claim.[1]

### B. Certificate of Appealability

28 U.S.C. § 2253(c) codifies the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

Petitioner has not made any showing that he was denied any of his constitutional rights.  Accordingly, a certificate of appealability should be denied.

---

1. Moreover, the Court notes that Petitioner can not now attack the conviction that provides the basis for his 36 to 120 month sentence as such attack would be time-barred under 28 U.S.C. § 2244(d).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated:   March 14th, 2007

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:   Thomas M. Hardiman
      United States District Judge

      Eugene D. Whiting
      FM - 6700
      State Correctional Facility at Mercer
      801 Butler Pike
      Mercer, PA 16137